## PERKINS COMPANY v. WILCOX et al.

1. A deed, the construction of which raises the main question for decision in this case, conveyed "all the timber which is located on" certain designated lots of land, and in the deed it is recited that "It is understood that the sale of this timber is strictly by the acre and not by the tract, and that the purchase-price agreed upon, which is named in this deed, is fixed with reference to the number of acres actually contained in these several tracts of timber, and is subject to increase or diminution in accordance with the number of acres which the said several tracts of timber may be ascertained to contain upon actual survey." The court below construed this deed to be a conveyance of all the timber on the designated lots of land, and that the warranty was as to the number of acres of land, and not necessarily lands covered with timber. *Held,* that the proper construction was given to the deed.

2. The deed contained a warranty of "a perfect and unincumbered title to the property conveyed." The uncontradicted evidence as to one of the lots, to wit, lot No. 164 in the 11th district of formerly Muscogee but now Marion county, showed a paramount outstanding title; and the court should have so instructed the jury, without leaving that as an open question for them to pass upon among other contested issues in the case, and his failure to do so was error.

3. Under the evidence in the case, the court did not err in submitting to the jury the question as to whether or not there had been an accord and satisfaction, and as to the ratification, on the part of the plaintiff, of the acts of the party alleged to have been its agent in conducting negotiations leading up to the agreement, which the defendants contended was executed, and amounted to an accord and satisfaction.

Argued July 25, 1908.—Decided February 20, 1909.

Action for breach of warranty. Before Judge Martin. Pulaski superior court. December 21, 1907.

*W. L. & Warren Grice, Tomlinson Fort* and *H. L. Grice,* for plaintiff. *Olin J. Wimberly* and *T. C. Taylor,* for defendants.

BECK, J. There are many assignments of error in the bill of exceptions and in the motion for a new trial, attacking the rulings of the court upon the pleadings and the admissibility of the evidence, and criticising certain portions of the charge to the jury; but the rulings of this court, as stated in the headnote, decide the controlling questions in the case, so that the numerous points made on the previous trial can not arise in the next trial; and it is therefore unnecessary to discuss or pass upon the minor questions involved in the case. The error which we have pointed out in the second headnote requires a reversal of the judgment of the court below; but, inasmuch as that error affected only one of the designated lots of land in controversy, to wit, lot No. 164 in the 11th

district of formerly Muscogee but now Marion county, we are of the opinion that on the next trial the investigation should be restricted to an inquiry, if the evidence touching the outstanding paramount title to that lot be the same as on the last trial, as to whether failure of title as to that lot was included in the accord and satisfaction set up by the defendants in this case. We accordingly direct that the next trial be restricted to the consideration and determination of that issue.

*Judgment reversed, with direction. All the Justices concur.*